IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* *Corey Donaldson*, | ) ) ) |
| **Relator,** | ) ) ) **NO. 3:19-cv-01060** |
| v. | ) ) **JUDGE CAMPBELL** |
| **CORE CIVIC, et al.,** | ) ) **UNDER SEAL** |
| **Defendants.** | ) |

## ORDER

Corey Donaldson, a current resident of Australia and former inmate at a CoreCivic-contracted correctional facility in the state of Georgia, filed this pro se qui tam action under the False Claims Act on behalf of the United States government. (Doc. No. 1 at 1, 8–9). Donaldson also filed an application to proceed in this Court without prepaying fees and costs (Doc. No. 4) and two motions to file under seal (Doc. Nos. 5 and 6). The United States, meanwhile, filed a motion for extension of time to consider intervention. (Doc. No. 9). As explained below, this action will be dismissed without prejudice for lack of subject matter jurisdiction and remain under seal.

## I. BACKGROUND

Donaldson alleges that CoreCivic has a contract with the Bureau of Prisons requiring healthcare accreditation from the Joint Commission (Doc. No. 1 at 5) and compliance with the Prison Rape Elimination Act ("PREA") (*id.* at 6). Despite these requirements, Donaldson alleges, no CoreCivic facilities have or are seeking accreditation from the Joint Commission (*id.* at 5) and CoreCivic has submitted false or misleading PREA reports to the federal government (*id.* at 6–7). Donaldson alleges that, due to this lack of compliance, immigrant inmates at CoreCivic facilities receive inadequate health care and suffer ongoing sex crimes by CoreCivic staff. (*Id.* at 5–8).

## II. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction," *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)), and district courts must have a statutory basis to exercise jurisdiction. *Id.* (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The burden of establishing federal jurisdiction "rests upon the party asserting jurisdiction." *Vander Boegh v. EnergySolutions. Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (citing *Kokkonen*, 511 U.S. at 377).

The Court must "consider [its] subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Thus, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

Here, Donaldson does not attempt to invoke this Court's diversity jurisdiction. Instead, he seeks to establish federal question jurisdiction by asserting claims under the False Claims Act ("FCA"). (Doc. No. 1 at 3, 9). "[The FCA] imposes civil liability on 'any person' who 'knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval' to the Government or to certain third parties acting on the Government's behalf." *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510 (2019) (quoting 31 U.S.C. §§ 3729(a), (b)(2)). As relevant here, the FCA authorizes "a private person, known as a relator" to "bring a qui

tam civil action 'for the person and for the United States Government' against the alleged false claimant, 'in the name of the Government.'" *Id.* (quoting 31 U.S.C. § 3730(b)).

As a pro se party, however, Donaldson is not authorized to bring this action on behalf of the United States under the FCA. "[A] qui tam relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." *Maliani v. Vanderbilt Univ. Med. Ctr.*, No. 3:10-0235, 2010 WL 4054268, at *6 (M.D. Tenn. Oct. 15, 2010) (quoting *United States ex rel. Szymczak v. Covenant Healthcare Sys.*, 207 F. App'x 731, 732 (7th Cir. 2006)). "Although the FCA does not expressly address whether a private individual can bring a qui tam suit pro se, the courts that have considered the issue have uniformly held that pro se relators may not prosecute qui tam actions." *Brantley v. Title First Titling Agency*, No. 1:12-cv-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012) (collecting cases from the District of Columbia Circuit and the Second, Fourth, Seventh, Eighth, Ninth, and Eleventh Circuits), *report and recommendation adopted*, No. 1:12cv608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012).

In short, Donaldson has not carried his burden of establishing that the Court has subject matter jurisdiction in this case. He does not attempt to establish that the Court has diversity jurisdiction, and he fails to establish federal-question jurisdiction because he does not have authority to bring the only federal claims asserted in the Complaint. Accordingly, this action must be dismissed.

### III. MOTIONS TO SEAL

Donaldson also filed two motions to file under seal—one relating to the Complaint itself (Doc. No. 5) and one relating to a supplemental notice (Doc. No. 6). Given the FCA's statutory

3

requirement for an action to remain sealed while the United States determines whether to intervene, 31 U.S.C. § 3730(b)(2), Donaldson's two motions will be granted.

## IV. CONCLUSION

For these reasons, this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Donaldson's application to proceed in forma pauperis (Doc. No. 4) and the United States' motion for extension of time to consider intervention (Doc. No. 9) are **DENIED** as moot.

Donaldson's motions to seal (Doc. Nos. 5 and 6) are **GRANTED**. This action shall **REMAIN UNDER SEAL**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE